UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HEIDEN INDUSTRIES, LLC**                                                                  **CIVIL ACTION**

**VERSUS**                                                                                             **No. 26-137**

**SUNSHINE CAR WASH, LLC, ET AL.**                                                **SECTION I**

## ORDER AND REASONS

Before the Court is plaintiff Heiden Industries, LLC's ("plaintiff") motion[1] to request service by the U.S. Marshals Service ("USMS"). The motion states that plaintiff "provided completed USM-285 forms, with an accurate, physical, service address for each named defendants in this matter" to the USMS but was informed by the USMS in Mississippi that a Court order was required to effectuate service.

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Rule 4(c)(3) goes on to state that "[t]he court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Courts in this Circuit have consequently found that appointment of a process server by the court pursuant to the Rule 4(c)(3) is discretionary in cases where the plaintiff is not proceeding *in forma pauperis* or as a seaman. *See, e.g., White v. Townsend*, No. 22-426, 2023 WL 9229115, at *1 (E.D. Tex. Jan. 13, 2023); *Francis v. Experian Info. Sols. Inc.*, No. 25-01145, 2025 WL 2326061, at *1 (W.D. La. Aug. 12, 2025).

---

[1] R. Doc. No. 6.

Furthermore, in such cases, "courts generally will not burden the marshals with such orders 'unless they are really necessary' and instead require plaintiffs 'to seek service by private means whenever feasible.'" *Francis*, 2025 WL 2326061, at *1 (quoting *White*, 2023 WL 9229115, at *2); *Wells v. Coleman*, No. 23-117, 2024 WL 1903666, at *2 (M.D. La. Apr. 15, 2024), *report and recommendation adopted*, No. 23-117, 2024 WL 1901578 (M.D. La. Apr. 30, 2024) ("[T]he Court did not grant [the plaintiff's] request for service by USMS because he had not shown diligent efforts to serve Defendants on his own. As was explained to [the plaintiff] at that time, before requesting service under Fed. R. Civ. Proc. 4 (c)(3), 'the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint.'").

Plaintiff is neither proceeding *in forma pauperis* nor as a seaman. In addition, plaintiff does not explain whether it has attempted service by private means or otherwise explained why service by the USMS is necessary.

For these reasons,

**IT IS ORDERED** that plaintiff's motion[2] is **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, January 28, 2026.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] R. Doc. No. 6.

2